# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD BARNES, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. 2:25-cv-04537-ST |
| Plaintiff, | |
| v. | **DEFENDANT MODARAMO MEDIA'S ANSWER TO CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| MODARAMO MEDIA, INC., | |
| Defendant. | |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Modaramo Media, Inc. ("Modaramo") by and through its attorneys, hereby submits its Answer to Plaintiff Chad Barnes, individually and on behalf of all others similarly situated, Class Action Complaint ("Complaint") and Jury Trial Demand. No answer is required with respect to the headings, prayers for relief, and other contents of the Complaint that do not set forth allegations of fact and are not included within numbered Paragraphs. Any such materials are repeated herein solely or ease of reference when comparing this Answer with the Complaint.

1.  Modaramo admits that Plaintiff purports to bring a putative class action against Modaramo under the Telephone Consumer Protection Act ("TCPA") but denies such putative class action is proper.

2.  Deny.

4928-4660-8774

## Jurisdiction and Venue

3. Admit.

4. Admit.

## Parties

5. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

6. Admit.

## Factual Allegations

7. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

8. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

9. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

10. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

11. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

12. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

4928-4660-8774

13. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

14. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

15. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

16. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

17. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

25. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

26. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

27. Deny.

## Class Action Allegations

28. Modaramo admits that Plaintiff has asserted his claims on a classwide basis, and that he purports to represent a "Class." To the extent a further response is required, Modaramo denies that class certification would be appropriate in this matter.

29. The allegations of this Paragraph do not contain factual assertions but rather set forth further conditions to the purported class membership, and no response is required. To the extent a further response is required, Modaramo denies that class certification would be appropriate in this matter.

30. The allegations of this Paragraph do not contain factual assertions, but rather set forth legal argument regarding the purported numerosity and typicality requirement of Rule 23. To the extent a further response is required, Modaramo denies that class certification would be appropriate in this matter, and denies the alleged numerosity and ascertainability of the proposed class.

31. The allegations of this Paragraph do not contain factual assertions, but rather set forth legal argument regarding the purported numerosity and typicality requirement of Rule 23. To the extent a further response is required, Modaramo

denies that class certification would be appropriate in this matter, and denies the alleged numerosity and ascertainability of the proposed class.

32. The allegations of this Paragraph do not contain factual assertions, but rather set forth legal argument regarding the ascertainability of the Class via objective criteria. To the extent a further response is required, Modaramo denies that class certification would be appropriate in this matter, and denies the alleged numerosity and ascertainability of the proposed class.

33. The allegations of this Paragraph do not contain factual assertions, but rather set forth legal argument regarding the ascertainability of the Class via objective criteria. To the extent a further response is required, Modaramo denies that class certification would be appropriate in this matter, and denies the alleged numerosity and ascertainability of the proposed class.

34. The allegations of this Paragraph do not contain factual assertions but rather set forth legal conclusions for which no response is required. To the extent a further response is required, Modaramo denies that common questions of law and fact would predominate in this case, and affirmatively asserts that the class would be utterly unmanageable, and would require the court to individually assess liability for each class member's claims, turning this class action into a series of improper, individual "mini-trials."

35. Deny.

36. Deny.

37. The allegations of this Paragraph do not contain factual assertions but rather set forth legal conclusions for which no response is required. To the extent a further response is required, Modaramo denies that common questions of law and fact would predominate in this case, and affirmatively asserts that the class would be utterly unmanageable, and would require the court to individually assess liability for each class member's claims, turning this class action into a series of improper, individual "mini-trials."

38. Deny.

39. The allegations of this Paragraph do not contain factual assertions to which a response is required, but rather set forth a legal conclusion that Plaintiff is an adequate class representative. To the extent a further response is required, Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

40. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

41. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

42. The allegations of this Paragraph do not contain factual assertions to which a response is required, but rather set forth a legal conclusion that Plaintiff's

counsel is an adequate counsel for the class. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here and thus denies the need for class counsel.

43. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

44. Modaramo lacks sufficient knowledge to admit or deny the allegations of this Paragraph and, on that basis, denies them.

45. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding "common" questions of law and fact of the class to which no response is required. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

46. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding "common" questions of law and fact of the class to which no response is required. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

47. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding "common" questions of law and fact of the class to which no response is required. To the extent a further

4928-4660-8774

response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

48. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding "common" questions of law and fact of the class to which no response is required. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

49. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding "common" questions of law and fact of the class to which no response is required. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

50. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding "common" questions of law and fact of the class to which no response is required. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

51. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding "common" questions of law and fact of the class to which no response is required. To the extent a further

4928-4660-8774

response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

52. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding alleged "damages" suffered by members of the class to which no response is required. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

53. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding efficiency and judicial economy in the putative class to which no response is required. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

54. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions regarding management of the putative class to which no response is required. To the extent a further response is required, Modaramo denies that class certification is appropriate in this matter or that a class action would be superior here.

55. Deny.

4928-4660-8774

## Count I

## Violation of 47 U.S.C. § 227(c)(5)

56. Modaramo incorporates by reference its responses to Paragraphs 1-55 of the Complaint as if fully stated herein.

57. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Modaramo states that *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) speaks for itself.

58. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Modaramo denies that a text message is a "call" under the TCPA.

59. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Modaramo states that 47 C.F.R § 64.1200(c) speaks for itself.

60. The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Modaramo states that 47 C.F.R §

64.1200(c) speaks for itself.

61.  The allegations of this Paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Modaramo states that 47 U.S.C. § 227(c) speaks for itself.

62.  Deny.

63.  Deny.

64.  Deny.

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, Modaramo does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.  Modaramo reserves the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

One or more members of the putative class lack standing to maintain the instant causes of action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff or one or more members of the putative class gave prior express consent and/or consent to receive the "calls" at issue in this case.

## FOURTH AFFIRMATIVE DEFENSE

All of the claims constitute an undue burden on speech and thus violate the First Amendment of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

All claims for class-wide relief contained in the Complaint are barred because class certification is inappropriate in this matter under Federal Rule of Civil Procedure 23.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Modaramo's conduct is not unlawful in that Modaramo complies with applicable statutes and regulations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Modaramo are barred because any harm allegedly suffered by Plaintiff and/or putative class members was caused and/or contributed to by third parties over whom Modaramo has no control with respect to the time, means, method, or manner by which they conduct business or personal affairs.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Modaramo did not intend to call him

without his prior consent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Modaramo did not engage in willful and/or knowing misconduct.

## TENTH AFFIRMATIVE DEFENSE

The statutory damages sought are excessive in violation of the Eighth Amendment of the United States Constitution and are in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

The acts and statements of Modaramo were fair and reasonable and were performed in good faith based on all the relevant facts known to Modaramo. Modaramo acted with a good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. Thus, Plaintiff is not entitled to any damages whatsoever.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because a text message is not a call under the TCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays to the Court as follows:

1. That Plaintiff take nothing by reason of his Complaint;

2. That the Court deny certification of any class;

3. That the Court enter judgment in favor of Defendant; and

4. That the Court award such further relief as the Court deems just and proper.

DATED this 6th day of January, 2026.

By: /s/ Patricia Brum
Patricia Brum (Pro Hac Vice)
pbrum@swlaw.com
SNELL & WILMER L.L.P.
350 S. Grand Ave., Ste 3100
Los Angeles, CA 90071
Telephone: 213.929.2500

*Attorneys for Defendant*
*Modaramo Media, Inc.*

4928-4660-8774

**JURY DEMAND**

Defendant Modaramo Media, Inc. requests a jury trial.

DATED this 6th day of January, 2026.

                              By: /s/ Patricia Brum
                                  Patricia Brum (Pro Hac Vice)
                                  pbrum@swlaw.com
                                  SNELL & WILMER L.L.P.
                                  350 S. Grand Ave., Ste 3100
                                  Los Angeles, CA 90071
                                  Telephone: 213.929.2500

                                  *Attorneys for Defendant*
                                  *Modaramo Media, Inc.*

4928-4660-8774